IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:10-CR-00060 |
| v. ) | |
| ) | |
| BARRY MONROE OWENS, JR., ) | By:    Michael F. Urbanski |
| Defendant.                            ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on Barry Monroe Owens, Jr.'s pro se motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 111, 115. The Federal Public Defender has supplemented Owens's pro se request. ECF No. 117. The government opposes it. ECF No. 122. For the reasons stated herein, the court **DENIES** Owens's motions.

### I.

On February 3, 2011, Owens entered into a written plea agreement in which he pleaded guilty to one count of conspiracy to possess with intent to distribute more than 100 grams of a controlled substance in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and four counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF No. 62. On May 4, 2011, Owens was sentenced to 240 months of incarceration. ECF No. 82. Owens has been in continuous custody since September 21, 2010, ECF No. 84 at 1, and has served more than half of his sentence, ECF

No. 117 at 3. Owens is currently housed at USP Coleman II and has a projected release date of November 7, 2028.[1]

Owens seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Owens has a history of osteomyelitis, which resulted "in a major surgery fusing his vertebrae together." ECF No. 111 at 10. Owens believes that the infection was a result of his weakened immune system. Id. at 11. Owens states that he is in chronic pain because of the infection and resulting surgery. Id. at 10-11. Owens seeks immediate release to home confinement, or any other modification the court sees fit, for the remainder of his sentence. Id. at 14. The government opposes any sentence reduction for Owens. ECF No. 122. This matter is fully briefed and ripe for disposition.[2]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Feb. 19, 2021) (search "Barry Monroe Owens").
[2] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

> imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Owens's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Owens is a danger to the safety of the community.

i. <u>Owens has fully exhausted his administrative remedies.</u>

The provision allowing defendants, in addition to the Bureau of Prisons ("BOP"), to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u>; <u>see also</u> <u>United States v. McCoy</u>, 981 F.3d 271, 283 (4th Cir. 2020). The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative

appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded. Though the exhaustion requirement is a mandatory claim-processing rule, the government may waive or forfeit its satisfaction. See United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Owens requested compassionate release from the warden of his facility on April 27, 2020. ECF No. 115-1 at 3. On June 1, 2020, the warden notified Owens that his request had been denied. Id. at 1. Owens then filed a motion for compassionate release with this court on August 25, 2020. ECF No. 111. The government does not contest that Owens has exhausted his administrative remedies. ECF No. 122 at 6. Accordingly, the court finds that Owens has satisfied the statute's exhaustion requirements.

ii. Owens does not present extraordinary and compelling circumstances.

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

4

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). To evaluate an inmate's particularized susceptibility, "the Court examines the Center[s] for Disease Control and Prevention's[, or CDC's,] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC's guidance identifies underlying conditions that place individuals at a higher risk of severe outcomes from COVID-19.[3] It "distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition 'are at increased risk' (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition 'might be at an increased risk' (e.g., type 1 diabetes)." United States v. Barnes, No. CCB-12-405, 2020 WL 6450283, at *2 (D. Md. Nov. 3, 2020).

Here, Owens has a history of osteomyelitis of the spine, chronic lower back pain, and a lumbar fusion. ECF No. 115-2. Owens also asserts that he has a deficient immune system, which caused his osteomyelitis. ECF No. 111 at 11. Osteomyelitis is a bone infection that may impair bone growth or even cause bone death.[4] Although suppressed immune systems are one risk factor for developing osteomyelitis, smoking, diabetes, and kidney failure all put

---

[3] Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 3, 2021).
[4] Mayo Clinic, Osteomyelitis, https://www.mayoclinic.org/diseases-conditions/osteomyelitis/symptoms-causes/syc-20375913 (updated Nov. 14, 2020).

people at a higher risk.[5] Owens does not provide any medical documentation that his osteomyelitis was specifically caused by a weakened immune system.[6] In fact, according to the CDC, even if Owens has a weakened immune system, this, at most, "might" put him at an "increased risk for severe illness" should he contract coronavirus.[7] Because any risk posed by a possible weakened immune system is neither certain nor inevitable, it is not extraordinary and compelling enough to justify a reduction of his sentence. See, e.g., Barnes, 2020 WL 6450283, at *2.

While the court is sympathetic to the risk that COVID-19 poses, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." Raia, 954 F.3d at 597. Because the court finds that Owens has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A), the court must deny his motion.[8]

### III.

For the reasons stated herein, the court **DENIES** Owens's motions for compassionate release, ECF Nos. 111, 115. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

---

[5] Id.
[6] Id.
[7] People with Certain Medical Conditions, supra note 3.
[8] Because the court finds that Owens has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.

Entered: February 22, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.02.22 09:55:17
-05'00'

Michael F. Urbanski
Chief United States District Judge

7