CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

DEC 20 2022

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:10-cr-60 |
| v. ) | |
| ) | |
| BARRY MONROE OWENS, JR., ) | By:   Michael F. Urbanski |
| Defendant-Petitioner ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on two pending motions for compassionate release filed by Barry Monroe Owens, Jr. pursuant to 18 U.S.C. § 3582(c)(1)(A). Owens filed the first motion pro se on March 24, 2021, re-raising a compassionate release claim based on COVID-19 susceptibility in response to the court's denial of a prior motion for compassionate release. Mot., ECF No. 127. Owens, represented by counsel, filed the second motion on April 27, 2022, again arguing cause under COVID-19 and raising a second argument that if he were sentenced today, his guidelines sentencing range would be greatly reduced. Mot., ECF No. 134. On May 23, 2022, Owens filed a supplemental motion with additional exhibits for consideration of his claims for compassionate release. Mot., ECF No. 138. The government has filed a response in opposition to the motions. ECF No. 139. For the reasons stated herein, the court will **GRANT** in part Owens' motions for compassionate release and reduce his sentence to 188 months.

## I. Background

On October 7, 2010, Owens and three co-defendants were charged in a superseding indictment with several counts of drug distribution. Owens was charged with conspiring to possess with intent to distribute and distributing 1,000 grams or more of a mixture or substance containing a detectable amount of heroin (Count 1); and four counts of knowingly distributing

a mixture or substance containing a detectable amount of heroin (Counts 2, 3, 4, 5). Superseding Indictment, ECF No. 21. On December 22, 2010, the government filed notice pursuant to 21 U.S.C. § 851 that it intended to seek an enhanced sentence for Owens, based on three prior felony controlled substance convictions. ECF No. 44.[1]

On February 3, 2011, Owens entered into a plea agreement in which he pled guilty to a lesser included offense of Count 1, i.e., conspiracy to possess with intent to distribute more than 100 grams of a controlled substance in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and to Counts 2, 3, 4, and 5. Plea Agreement, ECF No. 62 at 1–2. As part of the plea agreement, the government agreed not to pursue an increased penalty based on his prior convictions. Id. at 3–4.

On Count 1, Owens faced a statutory sentencing range of 10 years to life. Presentence Investigation Report (PSR), ECF No. 84 ¶ 72; 21 U.S.C. § 841(b)(1)(B). On Counts 2 through 5, he faced a maximum term of imprisonment of 30 years. PSR, ECF No. 84 ¶ 72; 21 U.S.C. § 841(b)(1)(C). Under the United States Sentencing Guidelines (USSG or guidelines), based on being responsible for more than 700 but less than 1,000 grams of heroin, Owens had a base offense level of 30, decreased by 3 levels for acceptance of responsibility, giving him a total offense level of 27. PSR, ECF No. 84 ¶¶ 24–30. However, Owens was designated a career offender under the guidelines. Id. ¶ 32; USSG § 4B1.1. His designation as a career offender gave him an offense level of 37, reduced for acceptance of responsibility to 34. PSR, ECF No. 84 ¶

---

[1] Section 851 provides the following: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851.

2

32; USSG § 4B1.1. With a criminal history category of VI, his guidelines sentencing range was 262–327 months. Id. ¶ 73. On May 4, 2011, Owens was sentenced to 240 months of incarceration on each count, with all the sentences to run concurrently. J., ECF No. 82. The court explained that it believed this sentence was appropriate after considering the factors set out in 18 U.S.C. § 3553(a), including the fact that Owens committed the offense to support his "raging drug addiction and not as a business enterprise." Statement of Reasons, ECF No. 83 at 3.

Owens has been in continuous custody since September 21, 2010, ECF No. 84 at 1, and he has served approximately 147 months. He currently is housed at USP Coleman II and has a projected release date of November 7, 2028.[2]

Owens requests that his sentence be reduced pursuant to 18 U.S.C. § 3582(c)(1)(A) on two grounds. First, Owens argues his health conditions, including osteomyelitis, a weakened immune system, and obesity "place him at greater risk for contracting and having a severe reaction to COVID-19." Mot., ECF No. 134, at 3. Second, Owens argues that if sentenced today, he would have a substantially lower guidelines sentencing range which would result in a substantially lower sentence. He contends that this difference in sentences is an "extraordinary and compelling" reason to grant compassionate release. The matter is fully briefed and ripe for disposition.

## II. Compassionate Release

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

---

[2] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Barry Monroe Owens") (last viewed Dec. 8, 2022).

3

> bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Owens' requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.[3]

Regarding exhaustion of administrative remedies, Owens asserts that he submitted his request for compassionate release to the warden of USP Coleman II on April 27, 2020, and the warden denied it on June 1, 2020. ECF No. 115-1. The government does not contest that Owens has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court finds that Owens has satisfied the statute's exhaustion requirements.

The court must next consider whether it should reduce the term of imprisonment. The USSG § 1B1.13 policy statement provides that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the Bureau of

---

[3] See United States v. Williams, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *1–*2 (W.D.N.C. Mar. 15, 2021).

Prisons ("BOP") for "other reasons" than, or in combination with, those described in Application Notes (A)–(C). See U.S. Sentencing Comm., Guidelines Manual § 1B1.13 at cmt. n.1(A)–(D). This policy statement, while governing only for BOP-filed motions for compassionate release, "remains helpful guidance even when motions are filed by defendants." United States v. McCoy, 981 F.3d 271, 280–84, 282 n.7 (4th Cir. 2020).

### A. COVID-19

The court first considers Owens' assertion that his health conditions show extraordinary and compelling reasons for compassionate release. During the COVID-19 pandemic, this court has found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility. But the assessment of compassionate release claims based on COVID-19 has changed with the introduction of vaccines against the disease. According to the Centers for Disease Control and Prevention, COVID-19 vaccines continue to "protect against severe disease, hospitalization, and death from known circulating variants."[4]

Owens has received two doses of the Moderna vaccine and received a Moderna booster vaccination on February 15, 2022. Medical Rs., ECF No. 134-8. Because he is fully vaccinated, Owens does not have a particularized susceptibility to severe illness from COVID-19.[5] The court further notes that as of December 8, 2022, USP Coleman II has zero inmates and staff with

---

[4] See Ctrs. for Disease Control and Prevention, COVID-19 Vaccines Work, (updated June 28, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html.

[5] See, e.g., United States v. Williams, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021) (denying compassionate release motion from partially vaccinated inmate); United States v. Wakefield, No. 1:19-cr-00095-MR-WCM, 2021 WL 640690, at *2 (W.D.N.C. Feb. 18, 2021) (same); United States v. Beltran, No. 6:16-4(SSSS)-4, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (same).

active cases of COVID-19.[6] The lack of COVID-19 at the facility supports the conclusion that Owens is not at risk for contracting COVID-19 and that the measures taken at USP Coleman II are appropriate to deter potential infection in the future. Accordingly, Owens has not demonstrated that his health concerns are sufficiently extraordinary or compelling to warrant any sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on his susceptibility to COVID-19.

**B. Sentencing Disparity**

The court next considers Owens' argument that his case presents a sentencing disparity that creates an "extraordinary and compelling" reason to grant compassionate release.

Under USSG §4B1.1, a defendant is designated a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Owens was sentenced as a career offender with his conspiracy offense serving as the instant offense of conviction. Because the conspiracy offense carried a maximum sentence of life, 21 U.S.C. § 841(b)(1)(B), his classification as a career offender resulted in a base offense level of 37. USSG § 4B1.1(b)(1). His offense level was reduced by 3 points for acceptance of responsibility, leaving him with a total offense level of 34. His offense level of 34, coupled with his criminal history category of VI, resulted in a sentencing range of 262–327 months. USSG Ch. 5 Pt. A.

---

[6] See Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last viewed Dec. 8, 2022).

However, under United States v. Norman, 935 F.3d 232 (4th Cir. 2013), decided after Owens was sentenced, convictions for conspiracy to distribute drugs are no longer considered controlled substance offenses under USSG § 4B1.2. The Fourth Circuit reasoned that because the "generic, contemporary meaning" of "conspiracy" requires an overt act, and "conspiracy" under § 846 does not require an overt act, § 846 criminalizes a broader range of conduct than that covered by generic conspiracy. Id. at 236–38. Accordingly, if sentenced today, Owens' conspiracy offense could not be used as a controlled substance offense.

Even without the conspiracy conviction, Owens has four remaining felony convictions for possession with intent to distribute drugs, and any one of them could be used as the instant offense for finding him a career offender. However, the possession with intent to distribute felonies carry a maximum statutory sentence of 30 years. 21 U.S.C. § 841(b)(1)(C). If Owens were found to be a career offender based on his violation of 21 U.S.C. § 841(b)(1)(C), his base offense level would be 34, rather than 37. USSG § 4B1.1(b)(2). Receiving a three-point reduction for acceptance of responsibility would result in a total offense level of 31, which, in combination with his criminal history category of VI, would result in a sentencing range of 188–235 months. USSG Ch. 5 Pt. A.

In McCoy, 981 F.3d at 285–86, the Fourth Circuit found that a "gross disparity" between a petitioner's sentence at the time of conviction and the sentence that could be imposed under current law can be considered an "extraordinary and compelling reason" for granting compassionate release. The McCoy court examined the changes to 18 U.S.C. § 924(c) brought about by the First Step Act. Prior to the First Step Act, simultaneous convictions, and subsequently sentences, under § 924(c) were "stacked," meaning that "a conviction was treated

7

as 'second or subsequent,' triggering the 25-year minimum sentence, even if the first § 924(c) conviction was obtained in the same case." McCoy, 981 F.3d at 275. The First Step Act changed the sentencing structure for multiple convictions under § 924(c)—the statute now requiring a new violation "that occurs after a prior conviction under [the] subsection has become final" to trigger the mandatory minimum sentence of 25 years. 18 U.S.C. § 924(c)(i). "Under § 403 of the First Step Act, that is, the 25-year mandatory minimum is 'reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution.'" McCoy, 981 F.3d at 275 (quoting United States v. Jordan, 952 F.3d 160, 171 (4th Cir. 2020)). The practical result of the change is that where defendants once faced a mandatory minimum sentence of 25 or 30 years when convicted of two firearms offenses in a single prosecution, they now face a mandatory minimum sentence of 5 years on each offense, for a total of 10 years. United States v. Redd, 444 F. Supp. 3d 717, 720 (E.D. Va. Mar. 16, 2020).

The McCoy court acknowledged that the change to § 924(c) does not apply retroactively to sentences imposed before December 21, 2018. Id. at 275. But the court distilled two features of stacked § 924(c) sentences that led to finding that the defendants met the "extraordinary and compelling reasons" standard: (1) "the sheer and unusual length of the sentences," and (2) the "'gross disparity' between those sentences and the sentences Congress now believes to be an appropriate penalty for the defendants' conduct." Id. at 285. The court concluded that the district courts' consideration of "the First Step Act's declaration of the appropriate level of punishment under § 924(c)" to be proper "in assessing the defendants' cases, on an individualized basis, for compassionate release." Id. at 275.

8

Following McCoy, courts, including this one, have applied McCoy's reasoning to motions for compassionate release seeking a reduced sentence based on the claim that the defendant received what would be an invalid career offender designation under Norman if sentenced today. See, e.g., United States v. Gilmer, No. 5:00-cr-30053, 2022 WL 1423615 (W.D. Va. May 5, 2022); United States v. Cooper, No. 1:10CR00043-001, 2022 WL 1302708 (W.D. Va. May 2, 2022); United States v. Morris, No. 4:13cr25, 2022 WL 1285183 (E.D. Va. Apr. 29, 2022); United States v. Williams, No. 14-cr-428, 2021 WL 5827327 (E.D. Va. Dec. 8, 2021); United States v. Fennell, 570 F.Supp.3d 357 (W.D. Va. 2021); United States v. Richards, No. 3:11-cr-31, 2021 WL 3861599 (W.D. Va. Aug. 30, 2021); and United States v. Trice, No. 7:13-CR-34-1001, 2021 WL 402462 (W.D. Va. Feb. 3, 2021).

If Owens were sentenced today, he would face a guidelines range of 188–235 months. He argues that, given his sentence of 240 months was a 22-month—or 8.4 percent—downward departure from the bottom of the guidelines, a similar downward departure from the bottom of the guidelines today would result in a sentence of 172 months. He asserts that the difference between his sentence at the time of his conviction and what he would receive today is 68 months. Alternatively, if Owens were to receive a sentence of 188 months, the bottom of the guidelines with no downward departure, there would be a 52-month difference in the two sentences. In either case, Owens argues that a 52- or 68-month difference in sentences is a gross disparity and constitutes an extraordinary and compelling reason to reduce his sentence.

The government offers several arguments in response. First, the government argues that McCoy was wrongly decided and that nonretroactive statutory changes to sentencing laws should not form the basis for compassionate release. However, McCoy continues to be the law in the

9

Fourth Circuit. See, e.g., United States v. Hargrove, 30 F.4th 189, 194–95 (4th Cir. 2022), (repeating the holding in McCoy that there currently exists no applicable policy statement governing a defendant's motion for compassionate release as opposed to a motion filed by the BOP on an inmate's behalf) and United States v. Davis, No. 21-6960, 2022 WL 127900 (4th Cir. Jan. 13, 2022) (per curiam) (citing McCoy and its holding that when a defendant, rather than the BOP, files a motion for compassionate release, the court may consider any extraordinary and compelling reason for release that a defendant might raise). Therefore, the court will follow the holding in McCoy that a gross disparity in sentencing can warrant compassionate release.

The government also argues that a defendant must raise a sentencing challenge in a 28 U.S.C. § 2255 petition and not in a motion for compassionate release. The government is correct that a defendant cannot challenge the validity of his conviction or sentence through a compassionate release motion. United States v. Ferguson, 2022 WL 17256572, at *5 (4th Cir. 2022). Rather, "28 U.S.C. § 2255 is '[t]he exclusive remedy' for challenging a federal conviction or sentence after the conclusion of the period for direct appeal, 'unless [§ 2255] is inadequate or ineffective,' in which case the defendant may file a 28 U.S.C. § 2241 petition for habeas corpus pursuant to the savings clause at § 2255(e).'" Id.

However, Owens is not challenging the validity of his original conviction or sentence. Instead, he is arguing that a change in case law means that if he were sentenced for the same conduct today as he was in 2011, he would not be a career offender and his guideline sentencing range would be reduced. This is the same type of argument the defendants made in McCoy. "The defendants in McCoy argued that a change in the sentencing law that occurred after their sentencings (but did not apply retroactively) merited a reduction in their sentences to conform

10

to that change." Id. (citing McCoy, 981 F.3d at 275). Because Owens is not challenging his original conviction and sentence, his motion for compassionate release is not barred by the holding in Ferguson.

The government also argues that the disparity between the sentence Owens received in 2011 and the sentence he would receive for the same conduct today is not an extraordinary and compelling reason to reduce his sentence. The government points out that McCoy involved additional decades of sentencing time imposed on defendants who were young first-time offenders, whereas the difference between the sentence Owens received in 2011 and the sentence he would receive today is not decades, but between 52 and 68 months.

Although the disparity at issue in Owens' case is not as long as that contemplated in McCoy, this court and others have found that sentencing disparities may present extraordinary and compelling circumstances even when they are not decades long. See, e.g., Cooper, 2022 WL 1302708, at *2 (finding sentencing disparity possibly as long as 5 years was an extraordinary and compelling reason for granting compassionate release); Williams, 2021 WL 5827327, at *7 (finding sentencing disparity of 43 months was an extraordinary and compelling reason to grant compassionate release); United States v. Shaw, No. 5:15-cr-00025, 2021 WL 3007266, at *5 (W.D. Va. July 15, 2021) (finding that a sentencing disparity of 22 months was an extraordinary and compelling reason to grant a sentence reduction). The court finds that the disparity between the sentence Owens received in 2011 and the sentence he would likely receive today is sufficient to be considered "extraordinary and compelling."

The government also points out that Owens is not arguing that he is no longer a career offender. Rather, he is arguing only that a different career offender guideline would apply to him

11

today. However, in McCoy, the defendants were not arguing that they were not guilty of two counts of violating § 924(c). Rather, they were arguing that Congress had reconfigured how sentences for multiple violations of § 924(c) are imposed, with the result that the sentences they would receive under the new configuration would be shorter. Here, Owens is not arguing that he is not a career offender. Rather, he is arguing that after Norman, a career offender with his predicate offenses would receive a shorter sentence. Applying the analysis in McCoy to Owens' circumstances is consistent with McCoy and its holding that "the very purpose of § 3582(c)(1)(A) is to provide a 'safety valve' that allows for sentence reductions when there is not a specific statute that already affords relief but 'extraordinary and compelling reasons' nevertheless justify a reduction." McCoy, 981 F.3d at 287 (quoting United States v. Jones, 482 F.Supp.3d 969, 980 (N.D. Cal. 2020)).

The government also argues that there is no reason to believe that if Owens were sentenced today, he would receive a sentence of 172 months, because it is unknown whether the United States would have pursued the § 851 enhancement or would have decreased Owens' drug weight. While that may be true, "this court has repeatedly 'rejected attempts by the government to argue it would have chosen a different prosecutorial strategy had different law governed at the time.'" United States v. Tyree, No. 3:16-cr-22, 2022 WL 427165, at *2, n.3 (W.D. Va. Feb. 11, 2022) (quoting United States v. Steppe, 3:16-cr-22, Dkt. 328, at 5 (W.D. Va. Apr. 20, 2021)); see United States v. Smith, 379 F. Supp. 3d 543, 548 (W.D. Va. 2019) ("The retroactive assumption suggested by the government simply is too speculative a basis on which to determine [a defendant's] eligibility for a sentence reduction."). "[S]uch a speculative claim is insufficient" as one could engage in many hypotheticals about what "might have been different at the time"

Owens was charged. United States v. Stanback, 377 F. Supp. 3d 618, 624 (W.D. Va. 2019). Therefore, the court does not find persuasive the government's argument that if Owens' guidelines range had been lower that it would not have engaged in similar plea negotiations.

In light of the Fourth Circuit's decision in Norman, it is undisputed that if Owens were sentenced today, his instant offense for the career offender designation would be limited to his possession with intent to distribute offenses and his guidelines sentencing range would be 188–235 months. The court finds that the significant disparity between Owens' current sentence and the sentence he would face today for the same offense, whether shorter by 52 months or 68 months, provides an extraordinary and compelling basis for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

### C. 18 U.S.C. § 3553(a) Factors

Having found that Owens has demonstrated an "extraordinary and compelling reason" to warrant a sentence reduction under § 3582(c)(1)(A), the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (internal quotations omitted). The relevant factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and

13

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . .

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission . . . .

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The government argues that the § 3553(a) factors weigh against granting a sentencing reduction. After considering the applicable factors, the court concludes that the factors weigh in favor of a sentence reduction.

Beginning with the nature and circumstances of Owens' offenses, his conduct was severe. Owens was involved in a large conspiracy to distribute heroin in several states for more than two years. Given the danger and disastrous effects that drug distribution imposes on a community, and the quantity of drugs for which Owens was responsible, the nature and circumstances of his offense weigh against a sentence reduction.

Turning to the history and characteristics of the defendant, Owens has a long history of criminal offenses beginning at a young age and continuing into his young adult life, including four convictions for distribution of illegal drugs and two convictions for assault and battery. Owens' assault and battery convictions occurred when he was 17 and 18 years old and he was sentenced to 20 hours of community service and a $50 fine, respectively. PSR, ECF No. 84 ¶¶ 34, 37. Apart from those convictions, his criminal history is non-violent. In the ten years Owens has spent in prison, he has not had any infraction involving violence, and has been without any infraction for two years.

Owens has a long history of drug abuse, starting with smoking marijuana at the age of 12 and smoking almost daily until his arrest on the instant charges. Id. ¶¶ 21, 68. Owens' heroin habit began when he was 15 years old and he sold heroin, albeit in large quantities, to support his own drug habit. Id. ¶ 21. He reported using LSD, PCP, and psilocybin mushrooms "a lot." Id. Several of Owens' disciplinary convictions while he has been incarcerated have involved the use of drugs and alcohol, including Buprenorphine, Suboxone, amphetamines, and methamphetamines, indicating that his addiction is ongoing. ECF No. 139-1.

Since being incarcerated, Owens has completed one short course on drug abuse and other courses on science, leather-crafting, drawing, mental health, and athletics. The court also takes notice of the many letters submitted by family, friends, and acquaintances that describe Owens as kind-hearted, loving, and hard-working. Upon release, Owens' family and friends have pledged to make sure he has a place to live and a job. Taking all facts into consideration, the court finds that Owens' history and characteristics, both positive and negative, support at least some reduction in his sentence.

The second relevant factor stresses the need for the sentence imposed to serve the purposes of punishment enumerated under § 3553(a)(2). Owens has served almost two thirds of his sentence, more than 12 years. The court finds that a reduced sentence would be sufficient to reflect the seriousness of the offense and promote respect for the law. However, as it appears that Owens' addiction led him to sell drugs to support his habit, the court finds that Owens' untreated addiction presents a danger to the public.[7] Accordingly, the court concludes that these factors weigh neither in favor nor against a sentence reduction.

Looking to the kinds of sentences available and the applicable guidelines range, as discussed above, Owens' guidelines range would be 188–235 months for his offense if he were sentenced today. If the court were to make a similar downward departure, Owens would be assessed a 172-month sentence. This factor weighs in favor of a reduction in his sentence. The remaining § 3553(a) factors weigh neither in favor nor against a sentence reduction.

After considering the applicable § 3553(a) factors, the court concludes that a sentence reduction is warranted in Owens' case. Given the circumstances of the offenses, including Owens' history and characteristics, both positive and negative, and the changes in the understanding of the career offender guideline, the court concludes that a sentence of 188 months is appropriate. While Owens argues for a sentence below the revised advisory sentencing guidelines range, his institutional record does not support a further reduction. Such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of Owens'

---

[7] Owens has demonstrated a strong desire to complete the Residential Drug Abuse Program (RDAP). Owens' mother sent a letter to the court in which she stated that Owens has been trying to enroll in the RDAP but has been told that he cannot participate in the program until he has less than five years remaining on his sentence. Letter, ECF No. 140. The court has not confirmed this information.

conduct and criminal history, promote respect for the law, provide just punishment, afford specific and general deterrence, and protect the public. See U.S.C. § 3553(a).

For the reasons stated herein, the court will **GRANT** in part Owens' motions for compassionate release, ECF Nos. 127, 134, and 138, and **REDUCE** his sentence to 188 months, to be followed by an 8-year term of supervised release. The clerk is directed to send a copy of this order to the petitioner, his counsel of record, and the United States.

It is so **ORDERED.**

Entered: 12-20-2022

Michael F. Urbanski
Chief United States District Judge